UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Patricia Ebling, | Court File Number: 15-cv-00025 RHK/BRT |
| Plaintiff, | |
| vs. | **CLEARSPRING LOAN SERVICES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS** |
| ClearSpring Loan Services, Inc., | |
| Defendant. | |

## INTRODUCTION

Plaintiff's threadbare Complaint asserts two causes of action against ClearSpring Loan Services, Inc. ("ClearSpring" or "Defendant"): violation of the Telephone Consumer Protection Act ("TCPA") and violation of the Federal Debt Collection Practices Act ("FDCPA"). Plaintiff's Complaint fails to state a claim for relief on both counts.

First, Plaintiff provided consent to ClearSpring to contact her regarding her debt <u>prior</u> to each alleged violation of the TCPA. In order to state a claim upon which relief can be granted Plaintiff must establish that ClearSpring violated the TCPA by contacting her on a cellular telephone using an automatic dialing system <u>without her prior express consent</u>. Because Plaintiff consented to receive communications on the telephone number used by ClearSpring, Plaintiff's TCPA claims are wholly without merit.

Second, Plaintiff's FDCPA claims hinge on the assertion that ClearSpring failed to properly identify itself when calling to collect the debt. This claim is not true, not

plausible on its face, and belied by public records. ClearSpring was retained to collect a debt owed to Federal National Mortgage Association ("Fannie Mae"). In pursuing collection of the debt, Defendant consistently disclosed to Plaintiff that it was a debt collector attempting to collect a debt (a fact Plaintiff does not dispute). In so doing, Defendant accurately disclosed the name of the debt collection agency. The fact that Defendant used two different names at different times is not evidence of any violation, but simply a function of a company name change effective July 1, 2014. Prior to July 1, 2014, Defendant conducted all debt collection activities, including collection of Plaintiff's debt, as Strategic Recovery Group. Effective July 1, 2014, Defendant changed its name to ClearSpring Loan Services, Inc. From that date forward, Defendant pursued debt collection efforts, including attempts to collect Plaintiff's debt, as ClearSpring Loan Services, Inc. A company does not violate the FDCPA when it uses a registered or licensed name under which it normally conducts business. That is what Defendant did here. As such, Defendant provided Plaintiff with meaningful disclosure of its identity and did not make any false or deceptive representations as a matter of law and public record. Therefore, Plaintiff's FDCPA claims should be dismissed with prejudice.

## STATEMENT OF RELEVANT FACTS

Plaintiff, Patricia Ebling, entered into a HomeSaver Advance ("HSA") loan with Fannie Mae. HSA was a loss mitigation option offered by Fannie Mae that was designed to assist borrowers in curing a delinquency on a first lien mortgage loan when a repayment plan was not feasible. FannieMae Announcement 08-14, *Introduction of HomeSaver Advance* (June 16, 2008). The program helped to cure delinquencies on home

mortgages by permitting the borrower to enter into a new unsecured loan for the arrearage amount to be cured at a later stage. *Id.* As a result of taking an HSA loan a borrower would have two loans to repay — the regular mortgage loan and a separate HSA loan.

Fannie Mae held the note for Plaintiff's HSA loan. Plaintiff defaulted. Fannie Mae retained Dyck-O'Neal, Inc. to collect the debt. Dyck-O'Neal later transferred debt collection efforts to Defendant. In communications with Plaintiff, Defendant told Plaintiff that responsibility for collection of the delinquent loan had previously been handled by Dyck-O'Neal, thus informing her of the transfer.[1]

Defendant conducted debt collection activities, including debt collection activities related to Plaintiff's HSA loan, under the registered name Strategic Recovery Group until July 1, 2014. (Declaration of Julie Delahoussaye, at ¶ 6 and Ex. B.) On July 1, 2014, Strategic Recovery Group was absorbed by Vantium Capital, Inc. (*Id.*) Vantium then changed its name to ClearSpring Loan Services, Inc. Thereafter, all debt collection activities were pursued under the name ClearSpring Loan Services, Inc. (*Id.*) Therefore, all communications from Defendant were made using the name Strategic Recovery Group prior to July 1, 2014 and under the name ClearSpring on and after July 1, 2014.

In attempting to collect the debt at issue, Defendant called Plaintiff on numerous occasions. Prior to July 1, 2014, Defendant identified itself as Strategic Recovery Group,

---

[1] Plaintiff's Complaint does not mention Dyck O'Neal, but references a completely unrelated company, Delphi Global Solutions. As discussed in footnote 2*infra*, Delphi Global Solutions is a separate entity with no relationship or connection to ClearSpring or the debt in question.

the registered trade name of Defendant. (*Id.*) Defendant also consistently communicated that it was a debt collector attempting to collect on the delinquent HSA loan that Plaintiff entered into with Fannie Mae. During those calls Plaintiff confirmed that the number Defendant was using was the best number to reach her at. (*Id.* at ¶ 5, Ex. A.) Specifically, on October 1, 2013, prior to the calls alleged in the Complaint, Plaintiff verified her number (the same number referenced in the Complaint) and granted Defendant explicit permission to call her on that number. (*Id.*) The transcript of the call confirms this:

> Q: [J]ust to make sure the number I called you at xxx-xxx-7448 is that a good number we can continue to reach you at …?
>
> PE: So far, I just keep hoping. Yeah it's a cell phone, so …
>
> Q: Ok and you are giving us permission to call it?
>
> PE: Yeah, that's – it's ok to call.

(*Id.*) This authorization occurred months before the first violation alleged in Plaintiff's Complaint, December 26, 2013. There is no allegation that Plaintiff ever revoked that consent.

## ARGUMENT

### I. STANDARD FOR REVIEW

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Motion v. Ecker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory

allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999); *Steinhoff v. Star Tribune Media Co., LLC,* 13-cv-1750 (SRN/JSM), 2014 WL 1207804, at *2 (Mar. 24, 2014) (finding a subscription form and an audio recording were necessarily embraced by the pleadings and could be considered on a Rule 12 motion to dismiss).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.W. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,*129 S.Ct. at 1950. "But where the well-pleaded facts do not permit

5

the court to infer more than the mere possibility of misconduct, the complaint has alleged-but not 'shown'-'that the pleader is entitled to relief.'" *Id.* (quoting Fed.R.Civ.P. 8(a)(2)).

Applying these standards to the facts of the case, it is clear that Plaintiff's Complaint should be dismissed in its entirety and with prejudice. There is no possible set of facts available to Plaintiff that can support the allegations she makes. As such, dismissal is appropriate.

**II. PLAINTIFF CONSENTED TO TELEPHONE CALLS ON HER CELLULAR PHONE PRIOR TO THE ALLEGED VIOLATIONS.**

Plaintiff provided or otherwise confirmed her cellular phone number with ClearSpring in its attempt to collect the debt. By confirming her number to ClearSpring, Plaintiff expressly consented to phone calls and Plaintiff's TCPA claims should be dismissed as a matter of law.

The TCPA forbids a debt collector from using an automated dialing system to call any telephone number assigned to a cellular telephone service unless the call is made for an emergency purpose or with the "prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A). The Federal Communications Commission ("FCC"), which is charged with implementing the TCPA, has issued two Rulings on the meaning of "prior express consent."

> Persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary. Hence, telemarketers will not violate our rules by calling a number which was provide as one at which the called party wishes to be reached.

1992 FCC Report and Order, CC Dkt. No. 92-90, FCC 92-433 (Oct. 16, 1992) (hereinafter "1992 Ruling"). The FCC further elaborated on its definition in a 2008 Ruling. It stated:

> Because we find that autodialed and prerecorded message calls to wireless numbers provided by the called party in connection with an existing debt are made with the "prior express consent" of the called party, we clarify that such calls are permissible. We conclude that the provision of a cell phone number to a creditor, e.g., as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt.

2008 FCC Declaratory Ruling, CG Dkt. No. 02-278, FCC 07-232 (Jan. 4, 2008) (hereinafter "2008 Ruling").

This Court recently confirmed that the FCC's interpretation of "prior express consent" is entitled to deference and therefore applied the FCC's definition. *Ranwick v. Texas Gila,* 13-cv-02792 (RHK-SER), 2014 WL 3891663, at *2-4 (D. Minn. Aug. 7, 2014); *see also Steinhoff,* 2014 WL 1207804 at *3-4. The Court concluded:

> The thrust of the FCC's Rulings is that a person need not specifically consent to be contacted using an autodialer or artificial or prerecorded voice. Rather, a person who knowingly provides his telephone number to a creditor in connection with a debt is agreeing to allow the creditor to contact him regarding his debt, regardless of the means.

*Ranwick,* 2014 WL 3891663 at *4. This is what Plaintiff did here.

Plaintiff, in an October 1, 2013 telephone communication with Defendant verified her number and indicated that it was the number at which she could be reached in connection with this debt. (Delahoussay Dec. at ¶ 5 and Ex. A.) This call occurred months before the initial alleged violation of the TCPA on December 26, 2013. Such express consent falls within the exception to the TCPA. Moreover, Plaintiff does not

7

allege that she revoked consent to contact her at the verified telephone number. By consenting to receiving calls on her cellular telephone without limitation, she consented to allow ClearSpring to contact her regarding her debt, regardless of the means, including use of an autodialer. *See Ranwick,* 2014 WL 3891663 at *4. Therefore, Plaintiff lacks an essential element of her claim and her claims against ClearSpring for violation of the TCPA should be dismissed with prejudice.

### III. STRATEGIC RECOVERY GROUP IS A REGISTERED CORPORATE NAME UNDER WHICH CLEARSPRING DOES BUSINESS

Plaintiff's FDCPA claims are all premised on the same alleged conduct, *i.e.*, that Defendant failed to properly identify itself in telephone communications with Plaintiff. *See* Complaint at ¶¶ 26-27, 34-35, 41. Plaintiff's allegations do not support a claim for relief as a matter of law and public record.

The FDCPA proscribes "the placement of telephone calls without meaningful disclosure of the caller's identity." 15 U.S.C. § 1692d (6). "Meaningful disclosure requires a debt collector to 'disclose enough information so as not to mislead the recipient as to the purpose of the call.'" *Knoll v. Allied Interstate, Inc.,* 502 F.Supp.2d 943, 946 (D. Minn. 2007). Section 1692d(6) is generally found to require "a debt collector to disclose the caller's name, the debt collection company's name, and the nature of the debt collector's business." *Baker v. Allstate Fin. Servs., Inc.*, 554 F. Supp. 2d 945, 949 (D. Minn. 2008). ClearSpring complied with these mandates. Notably, Plaintiff does not, and cannot, allege that Defendant did not disclose the purpose of the call, *i.e.*, to collect a debt. By providing Plaintiff with enough information to understand the purpose of the

call was to collect a debt, Defendant complied with the meaningful disclosure requirement.

Moreover, Plaintiff's allegations that Defendant violated the meaningful disclosure requirement by using its licensed and registered trade names are disingenuous. Defendant did business as Strategic Recovery Group until July 1, 2014. (Delahoussay Dec. at ¶ 6 and Ex. B.) Disclosure of Strategic Recovery Group as the "debt collection company's name" prior to July 1, 2014, accurately reflected the entity seeking to recover the debt. Following Vantium's decision to absorb Strategic Recovery Group and change its name to ClearSpring effective July 1, 2014, ClearSpring ceased conducting debt collection activities under the name Strategic Recovery Group. Instead, thereafter, ClearSpring, as mandated by the law, used its licensed and registered name, ClearSpring Loan Services, Inc., to conduct its debt collection practices. By identifying itself by name, ClearSpring "meaningfully" disclosed its identity.

Similarly, ClearSpring's use of its proper licensed and registered trade names is not false or misleading. Plaintiff alleges that ClearSpring violated the FDCPA by using false representations or deceptive means to collect the debt. Complaint ¶¶ 15, 34-35. However, using a registered business name under which a company regularly conducts business is not "hiding its identity" nor using "deceptive names." ClearSpring is licensed as a debt collector with the Minnesota Department of Commerce, and was expressly registered and authorized to do so under the name Strategic Recovery Group prior to July 1, 2014. Providing a debtor with the proper legal entity's name cannot be found to have

misled or deceived the debtor.[2] Plaintiff's Complaint does not set forth any allegations which would support a contrary finding. Therefore, Plaintiff's 1692e claims should be dismissed.

Finally, Plaintiff's Section 1692f allegations must fail. As noted above, Plaintiff's FDCPA claims all hinge on the allegation that ClearSpring improperly identified itself in telephone communications with Plaintiff. In order to maintain a Section 1692f claim Plaintiffs must allege conduct independent from alleged violations of other FDCPA sections. *See Baker,* 554 F.Supp.2d at 953 (finding that Section 1692f was intended to catch conduct not otherwise covered by the FDCPA). Because Section 1692d specifically addresses the complained of conduct, *i.e.*, the failure to provide meaningful disclosure of the caller's identity, Plaintiff's 1692f claim should be dismissed.

## IV. In the Alternative, Several of the Alleged FDCPA Violations are Time-Barred.

Plaintiff alleges violations of the FDCPA for December 26, 2013, January 2, 2014 and January 7, 2014. These alleged violations are time-barred. Section 1692k(d) provides: "An action to enforce any liability created by this subchapter may be brought … within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Plaintiff filed the instant action on January 7, 2015. Any alleged violations occurring

---

[2] The Complaint also alleges that Defendant used the name "Delphi Global Solutions" but does not specify when that occurred. ClearSpring does not and has never used the name Delphi Global Solutions. Public records confirm that Delphi Global Solutions is an entirely separate and unrelated company. Indeed, Delphi Global Solutions appears to be a technology supplier for automotive and commercial vehicle markets. *See* http://www.delphi.com/about (last visited Jan. 23, 2015). It is simply not plausible that ClearSpring, a debt collector, would use a name to which it has no connection in attempting to collect a debt. Plaintiff cannot survive a motion to dismiss on the basis of conclusory allegations with no plausible basis. *Twombly*, 550 U.S. at 555.

before January 8, 2014 are therefore barred. *See Mattson v. U.S. West Communications, Inc.,* 967 F.2d 259, 262 (8th Cir. 1992) (concluding that, if an alleged FDCPA violation occurred on November 27, 1989, then the statue of limitations expired 365 days later, on November 26, 1990).

## CONCLUSION

For the above reasons, Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

Date: February 5, 2015 **LARSON • KING, LLP**

By: /s/ Michael J. Steinlage
Michael J. Steinlage (241143)
msteinlage@larsonking.com
Hilary Loynes Palazzolo (389050)
hpalazzolo@larsonking.com
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, Minnesota 55101
Telephone: 651-312-6500
Facsimile: 651-312-6618

*Attorneys for Defendant ClearSpring Loan Services, Inc.*

LK 1449238

11