UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NUMBER 15-CV-25 (RHK/BRT)

_____

Patricia Ebling,

        Plaintiff,

v.

ClearSpring Loan Services, Inc.,

        Defendant.

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

_____

Plaintiff Patricia Ebling ("Consumer") submits this Amended Complaint under Fed. R. Civ. P. 15(a)(1)(B) to address more than a year of violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 *et seq.*, and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, by ClearSpring Loan Services, Inc. ("Debt Collector"), and to enjoin these prohibited activities in the future.

## **JURISDICTION, VENUE, AND PARTIES**

1. The United States District Court has jurisdiction over all FDCPA claims and supplemental issues. 15 U.S.C. § 1692k(d); 28 U.S.C. § 1367.

2. Venue is proper because a substantial part of the events giving rise to this

claim occurred in Minnesota. 28 U.S.C. § 1391(b)(2).

3. Consumer is a natural person residing in Dakota County, MN and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

4. Debt Collector is a Delaware corporation with a registered Minnesota address of 100 South Fifth Street, Suite 1075, Minneapolis, MN 55402. The principal business and purpose of Debt Collector is the collection of debts, making it a debt collector as defined by 15 U.S.C. § 1692a(6).

5. During its attempts to collect a debt from Consumer, Debt Collector used names "other than his own which would indicate that a third person is collecting or attempting to collect such debts," making it a debt collector as defined by 15 U.S.C. § 1692a(6).

## FACTS

6. Over the last several years, Debt Collector has attempted to collect a HomeSaver Advance loan which the original creditor Fannie Mae made to Consumer, but which Consumer no longer owes.

7. While attempting to collect this debt, Debt Collector left Consumer more than a dozen automated collection voicemails on her cellular phone.

8. On October 1, 2013, Consumer had the following telephone exchange

with a Debt Collector representative:

> *Debt Collector*: Is that a good number we can continue to reach you at, and if so—
> *Consumer*: So far, I just keep hoping. Yeah, it's a cell phone, so—
> *Debt Collector*: Okay, and you are giving us permission to call it?
> *Consumer*: Yeah.

9. At no point did Consumer give Debt Collector, or the debt's original creditor, permission to contact her using an automated, artificial, or prerecorded dialing or voice system.

10. Following their October 1 conversation, Debt Collector began relentlessly robo-dialing Consumer's cell phone using an automated, artificial, prerecorded dialing and voice system.

11. Debt Collector left automated collection voicemails on Consumer's cellular phone on at least, but not limited to, the following dates: December 26, 2013; January 2, 2014; January 7, 2014; February 26, 2014; April 2, 2014; April 28, 2014; April 29, 2014; May 27, 2014; June 4, 2014; June 17, 2014; June 25, 2014; June 30, 2014; July 15, 2014; July 18, 2014; August 13, 2014; August 19, 2014; August 21, 2014; and October 4, 2014.

12. Debt Collector left non-automated collection voicemails on Consumer's

cellular phone on at least, but not limited to, the following dates: January 15, 2014; February 12, 2014; March 25, 2014; April 29, 2014; May 2, 2014; May 6, 2014; July 14, 2014; September 25, 2014; and September 29, 2014.

13. On September 2, 2014, Consumer contacted Debt Collector and revoked permission to contact her on her cellular phone at all.

14. Debt Collector used multiple names in its collection voicemails to Consumer at various times, including "ClearSpring Loan Servicing," "Strategic Recovery Group," and "Delphi Global Solutions."

## **COUNT I: PROHIBITED ROBO-DIALING**

15. Consumer incorporates all other allegations as if set forth herein in full.

16. The TCPA prohibits calling cell phones using an artificial or prerecorded voice without the "prior express consent" of the recipient:

> "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States— to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A)(iii).

17. Debt Collector violated 47 U.S.C. § 227(b)(1)(A)(iii) by leaving more than

a dozen prerecorded voice messages on Consumer's cellular phone number.

18. Debt Collector left these messages on Consumer's voicemail repeatedly, and despite a clear statutory prohibition against doing so.

19. These messages cost consumer in payments made to her cellular provider for receiving them through her cellular plan.

20. Consumer has been forced to hire legal counsel to address Debt Collector's failure to comply with the TCPA.

21. The TCPA establishes the following remedy for its violation:

> "A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State— (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions." 47 U.S.C. § 227(b)(3).

22. The TCPA uses treble damages to deter willful or knowing violations:

> "If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3).

23. Debt Collector left these messages on Consumer's voicemail willfully and

knowingly.

24. Consumer requests $1,500.00 in damages from Debt Collect per violation of the TCPA and an injunction preventing Debt Collector from further contact which would violate the TCPA. 47 U.S.C. § 227(b)(3)(A) & (B).

## COUNT II: FAILURE TO MEANINGFULLY DISCLOSE IDENTITY

25. Consumer incorporates all other allegations as if set forth herein in full.

26. "Strategic Recovery Group," "Delphi Global Solutions," and the other names Debt Collector used when contacting Consumer besides its registered business name, are aliases which Debt Collector uses to create the false impression that multiple collectors are collecting a debts.

27. The FDCPA prohibits collectors from placing collection calls without meaningfully disclosing their identity:

> "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . the placement of telephone calls without meaningful disclosure of the caller's identity." 15 U.S.C. § 1692d(6).

28. Debt Collector violated § 1692d(6) by leaving voicemails in the names of multiple aliases, and thus failing to meaningfully disclose its identity.

29. This violation led Consumer to falsely believe that multiple companies

were attempting to collect the same debt from her.

30. This violation misled Consumer as to Debt Collector's true identity.

31. Debt Collections violations have caused Consumer to suffer emotional distress, including confusion frustration, anxiety, helplessness, hopelessness, and fear.

32. Consumer has been forced to hire legal counsel to address Debt Collector's failure to comply with the FDCPA.

33. The FDCPA establishes the following remedy for its breach:

> "[A]ny debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of — (1) any actual damage sustained by such person as a result of such failure; (2) . . . such additional damages as the court may allow, but not exceeding $1,000 . . . [and (3)] the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a).

34. Consumer is entitled to actual damages in an amount to be determined at trial, statutory damages of $1,000.00, the costs of this action, and reasonable attorney's fees from Debt Collector in an amount to be determined by the court. 15 U.S.C. § 1692k.

## COUNT III: FALSE, DECEPTIVE, AND MISLEADING REPRESENTATIONS

35. Consumer incorporates all other allegations as if set forth herein in full.

36. The FDCPA prohibits collectors from making false, deceptive, or misleading representations, including using false or deceptive means to collect a debt:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

37. Debt Collector violated § 1692e's prohibition against false, deceptive, or misleading representations by leaving Consumer repeated and harassing voicemails under three or more different, deceptive names.

38. Debt Collector also violated § 1692e(10) by falsely representing and hiding its identity through the use of aliases when collecting.

39. This violation has caused Consumer to suffer emotional distress, frustration, confusion, and helplessness.

40. Consumer has been forced to hire legal counsel to address Debt Collector's failure to comply with the FDCPA.

## COUNT IV: UNFAIR AND UNCONSCIONABLE COLLECTION ACTS

41. Consumer incorporates all other allegations as if set forth herein in full.

42. The FDCPA prohibits collectors from using unfair or unconscionable collection tactics:

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

43. Debt Collector violated § 1692f by attempting to coerce payment from Consumer by violating the TCPA and using aliases when collecting, inherently unfair and unconscionable collection tactics.

44. Debt Collector's use of aliases to confuse Consumer is precisely the type of activity which § 1692f seeks to prohibit and punish.

45. Debt Collector's numerous violations have caused Consumer to suffer emotional distress, frustration, anxiety, confusion, helplessness, hopelessness, and fear.

## JURY TRIAL

46. Consumer demands a trial by jury. US Const. Amend. 7.; FRCP 38.

## PRAYER FOR RELIEF

Consumer requests an Order for the following relief:

1. Judgment in favor of Consumer and against Debt Collector for $1,500 for each violation of the TCPA under 47 U.S.C. § 227(b)(3)(B).

2. Judgment in favor of Consumer and against Debt Collector for actual

damages in an amount to be determined at trial, $1,000 in statutory damages, the costs of this action, and a reasonable attorney's fee under 15 U.S.C. § 1692k of the FDCPA.

3. Judgment enjoining Debt Collector from contacting Consumer on her cellular phone using prerecorded messages under 47 U.S.C. § 227(b)(3)(A).

4. All other relief which the Court deems just and equitable.

Dated: 2/12/15   /s/ Bennett Hartz
Jonathan L. R. Drewes (#387327)
Bennett Hartz (#393136)
DREWES LAW, PLLC
1516 West Lake Street, Ste 300
Minneapolis, MN 55408
T (612) 285-3064
F (612) 285-3062
bennett@dreweslaw.com
***Attorneys for Consumer***